In the Matter of the Claim of MATTHEW F. MCCARTHY, Respondent, against SHEFFIELD FARMS COMPANY, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of ELLEN CLARK PIERCE, Respondent, against FREDERICK YOUNG and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of DANIEL CAMERON, Respondent, against ELLIS CONSTRUCTION COMPANY and EMPLOYERS MUTUAL INSURANCE COMPANY OF NEW YORK, Alleged Insurance Carrier, Appellants, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Motions denied, with ten dollars costs to the United States Fidelity and Guaranty Company against both appellants. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of FRED BLETKO, Respondent, against R. HOE AND COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of HENRY SCHAEFFER, Respondent, against BUFFALO STEEL CAR COMPANY and Another, Appellants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

In the Matter of the Claim of JOSEPH STEPHENS, Respondent, against BEARD'S ERIE BASIN, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion denied. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

DAVID E. BLUMENAUER, Appellant, v. LOCH SHELDRAKE AMUSEMENT COMPANY, a Corporation, and NEW AMSTERDAM CASUALTY COMPANY, Respondents, Impleaded with Others.— Judgment affirmed, with costs to the respondent New Amsterdam Casualty Company. Hinman, Davis and Whitmyer, JJ., concur; Van Kirk, P. J., votes to modify the judgment by allowing plaintiff the value of the materials which he purchased in his own name and paid for and which thereafter went into the building, and as so modified affirmed; Hill, J., dissents on the ground that the defendant, owner, by advising the filing of lien, construed the relation of plaintiff as that of contractor under the agreement, and that this construction should be adopted by the court. (Carthage T. P. Mills v. Village of Carthage, 200 N. Y. 1.)